# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Zachary James Catlin, | Case No. 21-CV-0728 (ECT/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eric Heck, Litchfield Police Officer; Brandon Nadeau, Litchfield Police Officer; Unknown Meeker County Sheriff; Jon Agre, Meeker County Sheriff's Office Deputy; Unknown Kandiyohi County Sheriff; Sean Swanson, Kandiyohi County Sheriff's Office K-9 Deputy; Unknown Officer John Doe; and Unknown Officer Jane Doe, | |
| Defendants. | |

---

On April 12, 2021, this Court ordered plaintiff Zachary James Catlin to submit documentation establishing the average deposits to and balance of his jail trust account over the previous six months. *See* ECF No. 4. Mr. Catlin, however, had already provided this information, albeit as an exhibit to a motion for appointment of counsel. *See* ECF No. 3-1. From the jail trust account statement submitted by Mr. Catlin, this Court concludes that Mr. Catlin has no assets and no means by which to pay an initial partial filing fee. Accordingly, that requirement will be waived. *See* 28 U.S.C. § 1915(b)(4).

Because Mr. Catlin was a prisoner at the time he commenced this action, *see* 28 U.S.C. § 1915(h), the complaint remains subject to review under 28 U.S.C. § 1915A,

1

which provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *accord* 28 U.S.C. § 1915(e)(2)(B) (providing for review of pleadings where a litigant has applied for *in forma pauperis* status).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are

to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Mr. Catlin's pleading, however, falls short of that minimal standard.  Only the conclusory allegations that the named defendants "violated the plaintiffs Fourth and Eighth Amendment rights under the United States District Constitution and/or turned a blind eye and were deliberately indifferent to ongoing civil rights violations that occurred to the plaintiff" are provided in the pleading itself.  Compl. at 1 [ECF No. 1]; *accord id.* at 3.  But nothing about *how* the defendants are being alleged to have violated Mr. Catlin's constitutional rights has been pleaded in the complaint itself.  The conclusory allegations that defendants violated the law are not entitled to an assumption of truth.  *Iqbal*, 556 U.S. at 679.

Rather than submitting a pleading affirmatively setting forth the factual allegations at issue in this action, Mr. Catlin has provided a state-court order from a criminal proceeding that was brought and later dismissed against him.  *See* ECF No. 1-1.  This Court assumes that at least some of the claims that Mr. Catlin intends to raise in his litigation relate to the events described in the state-court order.  But the order is not itself a pleading; it does not identify the specific factual allegations that Mr. Catlin intends to prove in this litigation in order to establish defendants' liability.  Instead, both the defendants and the Court are left to speculate about what aspects of the order are being asserted in this proceeding.

3

Because the complaint submitted by Mr. Catlin does not plead a viable claim for relief, it is recommended that this action be dismissed. Further, because this Court believes that the complaint is amenable to repleading, it will be recommended that the matter be dismissed *without* prejudice; Mr. Catlin may renew the claims that he intended to raise in this litigation in a future proceeding.

Finally, this Court notes that Mr. Catlin's whereabouts cannot be identified — indeed, this Court has no way of ensuring that Mr. Catlin receives this Recommendation. Largely for that reason, this Court has recommended dismissal of this action rather than provided additional leave to amend the complaint. Similarly, it will be recommended that Mr. Catlin's motion for appointment of counsel [ECF No. 3] be denied without prejudice; the request may be renewed at such time that Mr. Catlin elects to prosecute the claims raised in this proceeding.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Zachary James Catlin [ECF No. 2] be DENIED.

3. Mr. Catlin's motion to appoint counsel [ECF No. 3] be DENIED WITHOUT PREJUDICE.

4

Date: April 27, 2021                          *s/ Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).